IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § |
|---|---|
| ELVIA BAEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:14-CV-414-A |
| | § |
| CAROLYN W. COLVIN, ACTING | § |
| COMMISSIONER, SOCIAL SECURITY | § |
| ADMINISTRATION, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the complaint of plaintiff, Elvia Baez, seeking judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act ("Act"). The court has concluded that Commissioner's decision should be affirmed.

I.

Background

The Administrative Law Judge ("ALJ") decided on March 20, 2014, that "[b]ased on the application for supplemental security income filed on July 12, 2010, [plaintiff] is not disabled under section 1614(a)(3)(A) of the Social Security Act." R. at 24. The Appeals Council denied plaintiff's request for review on

April 2, 2014, and the March 20, 2014 decision of the ALJ became the final decision of Commissioner. R. at 1.

Plaintiff instituted this action June 5, 2014, complaining of Commissioner's decision. The matter was referred to the United States Magistrate Judge for proposed findings and conclusions and a recommendation for disposition. The magistrate judge ordered that plaintiff's complaint be treated as an appeal from Commissioner's decision, and fixed a timetable for the filing of briefs. Both sides timely filed briefs. The magistrate judge issued his proposed findings and conclusions and his recommendation ("FC&R") that the decision of Commissioner be reversed and remanded "for further administrative proceedings consistent with" the proposed findings and conclusions expressed in the FC&R. Doc. 30 at 18.[1] Although neither party filed objections, the court ordered Commissioner to file a response to the FC&R. Commissioner timely filed her response, to which plaintiff filed a reply.

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the civil docket in this Case No. 4:14-CV-414-A.

II.

## Positions Taken by the Parties in Their Pre-FC&R Briefs

A. Plaintiff's Brief

Plaintiff defined in her brief the two basic issues to be resolved as follows:

First Issue: Plaintiff first complained that the ALJ erred in failing to find that plaintiff's migraine headaches constituted a severe impairment within the meaning of the Act, and failed to take into account in the ALJ's residual functional capacity ("RFC") rulings work-related limitations caused by that impairment. Doc. 27 at 2, 6.

Second Issue: Plaintiff's other complaint was that the ALJ failed to properly analyze the opinions of plaintiff's treating physicians by considering factors the Fifth Circuit required in Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000), to be considered. Id. at 2, 11.

B. Commissioner's Responsive Brief

Commissioner responded that the ALJ did not err in failing to find that plaintiff's headaches constituted a severe impairment and that the record before the ALJ did not establish that the headaches caused any work-related limitations. Doc. 27 at 5-8. As to the second issue raised by plaintiff, Commissioner responded that the ALJ properly weighed the opinions of

3

plaintiff's treating physicians. Id. at 8-17. Summed up, Commissioner urged that substantial evidence in the record supported the ALJ's decision, and that the ALJ applied proper legal standards in reaching her decision, with the consequence that Commissioner's decision must be affirmed.

III.

### The FC&R, Commissioner's Response Thereto, and Plaintiff's Reply

A.  The FC&R

The magistrate judge proposed in the FC&R that the court find that the ALJ did not err in her analysis of plaintiff's migraine headaches and that, therefore, information in the record pertaining to those headaches does not provide basis for a reversal and remand. Doc. 30 at 5-8. As to the second issue presented by plaintiff, the magistrate judge proposed in the FC&R findings that:  (1) the ALJ did not err in failing to adopt the conclusory opinion of Dr. Mark Friedman ("Dr. Friedman") that plaintiff was "disabled" or "unable to work," id. at 15-16, and (2) the ALJ did not err in assigning little weight to the opinion of Dr. Joseph Curletta ("Dr. Curletta"), id. at 16.

But, in something of a sua sponte action by the magistrate judge, he proposed a conclusion that "[b]ecause the ALJ rejected all medical opinions in the record that might explain the effects

4

of [plaintiff's] physical impairment on his [sic] ability to perform work, there is no medical evidence supporting the ALJ's RFC determination" with the consequence that "substantial evidence does not support the ALJ's RFC determination, and remand is required." Id. at 17-18. A related conclusion the magistrate judge proposed was that once the ALJ chose not to give significant weight to the opinions of Drs. Friedman and Curletta, and bearing in mind that the only remaining evidence appeared to be general treatment notes that set forth routine examination observations, "it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work activities that Plaintiff could perform given [his] impairments." Id. at 17 (quoting from Shugart v. Astrue, No. 3:12-CV-1705-BK, 2013 WL 991252 at *5 (N.D. Tex. Mar. 13, 2013). Based on those proposed conclusions, the magistrate judge recommended that "Commissioner's decision be reversed and remanded for further administrative proceedings consistent with [the magistrate judge's] proposed findings of fact and conclusions of law." Id. at 18.

B.   <u>Commissioner's Response to the FC&R</u>

Commissioner agreed with the magistrate judge's proposed findings and conclusions on the two issues raised by plaintiff--that the ALJ did not err in her analysis of plaintiff's migraine

5

headaches or in assigning little weight to the opinions of Drs. Friedman and Curletta. Doc. 32 at 1. However, Commissioner strongly disagreed with the magistrate judge's proposal that Commissioner's decision be reversed and the matter remanded for further administrative proceedings. Id. at 2-4. Commissioner summarized in her response the evidence before the ALJ that was sufficient to support the ALJ's RFC finding, id. at 3-4, and supported the ALJ's decision by noting that "the absence of a medical source statement or opinion detailing an individual's abilities does not, in itself, make the record incomplete, as the relevant inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." Id. at 2 (citing Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995))(internal quotation marks omitted).

C. Plaintiff's Reply

Plaintiff did not take issue with the magistrate judge's rejection of her contention that the ALJ failed to properly consider her complaints of migraine headaches or her contentions that the ALJ failed to properly analyze the opinions of Drs. Friedman and Curletta. She limited her reply to arguments in support of the magistrate judge's proposed conclusion that the ALJ should obtain an expert medical opinion with respect to plaintiff's work-related limitations and the magistrate judge's

6

recommendation that there be a reversal and remand for that purpose.

IV.

Analysis

A.  Basic Principles

A guiding principle is that judicial review of a decision of Commissioner of nondisability is limited to two inquiries: (1) whether Commissioner's decision is supported by substantial evidence on the record as a whole and (2) whether Commissioner applied the proper legal standards. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ripley, 67 F.3d at 555; Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). There will not be a finding of "no substantial evidence" unless "there is a conspicuous absence of credible choices." Harrell v. Brown, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

The determination of whether there is substantial evidence to support the fact findings of Commissioner does not involve reweighing the evidence, or trying the issues de novo. Ripley, 67 F.3d at 555. The court cannot substitute its own judgment for that of Commissioner. Neal v. Bowen, 829 F.2d 528, 530 (5th Cir.

7

1987) (per curiam); Chaparro v. Bowen, 815 F.2d 1008, 1010 (5th Cir. 1987) (per curiam); Milam v. Bowen, 782 F.2d 1284, 1286 (5th Cir. 1986). Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991) (per curiam); Carry v. Heckler, 750 F.2d 479, 482 (5th Cir. 1985). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" Commissioner's findings. Randall v. Sullivan, 956 F.2d 105, 109 (5th Cir. 1992) (citing Ransom v. Heckler, 715 F.2d 989, 992 (5th Cir. 1983) (per curiam). If supported by substantial evidence, Commissioner's findings are deemed conclusive, and the court must accept them. See Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971). "The role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Lewis v. Weinberger, 515 F.2d 584, 586 (5th Cir. 1975).

B.  **The Decision of Commissioner Is to Be Affirmed**

The recommendation of reversal and remand by the magistrate judge seems to have been predicated on a belief by the magistrate judge that "the ALJ rejected all medical opinions in the record that might explain the effects of [plaintiff's] physical

8

impairments on his [sic] ability to work," with the result that "there is no medical evidence supporting the ALJ's RFC determination." Doc. 10 at 17-18. The court does not read the decision of the ALJ so narrowly.

As a starter, the ALJ said that her decision followed a "careful consideration of all the evidence." R. at 13. The ALJ's decision makes clear that she did not reject all medical opinions in the record that might explain the effects of plaintiff's physical impairments on her ability to perform work. Rather, the ALJ, upon consideration of the complete record, gave "some weight" to the opinions of Dr. Michael Wilmink, and some, but "little" weight to the opinions of the State agency medical consultants, Dr. Friedman, and Dr. Curletta. R. at 21-22. Far from rejecting all relevant medical opinions, the ALJ immediately following her discussion of the medical opinions, as well as other relevant evidence, made the following RFC findings:

> In sum, the claimant is limited to a range of light work due to her degenerative disc disease and arthritis. However, the claimant can only use her upper extremities frequently for fine and gross manipulation, feeling, and reaching in all directions including overhead due to her bilateral shoulder arthritis. The limitation is also consistent with the claimant's testimony. In addition, the claimant must avoid concentrated exposure to hazards like unprotected heights and moving machinery and can only balance frequently due to her vertigo. Finally, the claimant is limited to unskilled, rote, routine work due to her

pain medical side effects, and other symptoms and limitations.

R. at 22. A fair reading of the ALJ's decision is that "the ALJ [was] properly interpreting the medical evidence to determine [plaintiff's] capacity for work." Taylor v. Astrue, 706 F.3d 600, 603 (5th Cir. 2012). Those findings were made by the ALJ "[a]fter careful consideration of the entire record." R. at 17, ¶ 4. In making her RFC finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR 416.929 and SSRs 66-4p and 96-7p." She "also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." Id. The ALJ's consideration of plaintiff's testimony was detailed, R. at 18, and she gave full consideration to plaintiff's alleged disability as plaintiff reported it in her Disability Report, both initially and as updated by plaintiff. Id. With respect to record evidence of plaintiff's capabilities and limitations, the ALJ could not have been more comprehensive in her analysis of the relevant evidence. R. at 19-21.

After a thorough review of the ALJ's decision, the court has concluded that it is supported by substantial evidence on the

10

record as a whole, and that the proper legal standards were applied. The court declines to re-weigh the evidence, or to substitute the court's judgment for that of Commissioner, acting through the ALJ. Commissioner, acting through the ALJ, appears to have properly performed her duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. The court concludes that there is substantial evidence in the record supporting the findings of Commissioner (through the ALJ), with the result that the court must, and does, accept them.

Therefore, the court concludes that Commissioner's RFC determination is supported by substantial evidence.

The issue the court has dealt with so far under this heading is one that actually is beyond the scope of the two basic issues to be resolved, as plaintiff defined them in her brief. See supra at 3. Inasmuch as plaintiff appears to have abandoned her complaints as she defined them by the two basic issues she presented to be resolved in her appeal, supra at 3, the court does not consider that there is a need to discuss those issues, but, instead, adopts the findings and conclusions of the magistrate judge related thereto. Doc. 30 at 5-16 (through the second complete sentence on page 16).

V.

Order

For the reasons given above,

The court ORDERS that Commissioner's decision that based on the application for supplemental security income filed on July 12, 2010, plaintiff is not disabled under section 1614(a)(3)(A) of the Act, be, and is hereby, affirmed.

SIGNED September 22, 2015.

_____
JOHN McBRYDE
United States District Judge